

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

33 Whitehall Street, 5th Floor
New York, NY  10004-2112
Intake Information Group:  (800) 669-4000
Intake Information Group TTY:  (800) 669-6820
New York Direct Dial:  (929) 506-5270
FAX (212) 336-3625
Website:  www.eeoc.gov

Cara Chomski
Trial Attorney
(929) 506-5275

<u>Via ECF</u>

January 16, 2024

The Honorable Anne Y. Shields
United States District Court for the
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722
Courtroom 840

Re:   *EEOC v. Wal-Mart Stores East, LP*
      No. 1:23-cv-06902

Dear Judge Shields:

Pursuant to Your Honor's January 9, 2024, Scheduling Order, Plaintiff the United States Equal Employment Opportunity Commission ("EEOC") writes to clarify its position regarding providing HIPAA releases directly to Defendant Wal-Mart Stores East, LP ("Walmart") (together, the "Parties").  As EEOC represented to the Court on January 9, 2024, EEOC agrees that records relating to Charging Party Donna Livermore's asserted disabilities and damages are relevant and discoverable in this action.  EEOC further agrees that the Complaint puts medical records relating to Ms. Livermore's speech, hearing, and cognitive impairments in issue in this litigation.  *See* ECF No. 1 (Complaint) at ¶ 14.  Finally, EEOC agrees to produce all medical records relating to Charging Party's disabilities and damages to Walmart pursuant to Fed. R. Civ. P. 34, following the entry of a protective order regarding the treatment of confidential information.  Accordingly, ordering Ms. Livermore to execute HIPAA-compliant releases permitting Walmart to obtain medical records directly from her providers, without permitting EEOC to first review those records for relevance and privilege, is unnecessary, unreasonable, and disproportionate to the needs of the case.  Because there is no dispute that Walmart is entitled to the records it seeks, EEOC should be permitted to produce those records like any other document in civil discovery.  *See* Fed. R. Civ. P. 34.

This lawsuit is a federal enforcement action brought to remedy violations of the ADA, not a private lawsuit brought by Charging Party Donna Livermore.  Charging Party Donna Livermore has a statutory and constitutional right to privacy over her medical information, which is not diminished by agreeing to participate in EEOC's lawsuit.  The Second Circuit has long recognized that the constitutional right to privacy extends to "the right to protection regarding information about the state of one's health." *Matson v. Bd. of Educ. of City Sch. Dist. of N.Y.*, 631 F.3d 57, 63–64 (2d Cir. 2011) (quotation omitted).  Litigants' privacy interests in their medical records are strong enough to overcome the presumption of public access to judicial documents, and "because a plaintiff maintains significant privacy rights to her medical information, courts regularly seal records protected from disclosure by HIPAA." *Valentini v.*

*Grp. Health Inc.*, No. 20-CV-9526, 2020 WL 7646892, at *2 (S.D.N.Y. Dec. 23, 2020). Accordingly, Defendant should not be permitted to independently obtain Charging Party's medical records directly from third parties when those same records can be produced through her counsel in the ordinary course of discovery, following the entry of a protective order.[1]

Fed. R. Civ. P. 34 governs the production of documents in discovery. As a general matter, parties in litigation may serve requests to "inspect, copy, test, or sample" documents, tangible things, and property within the responding party's possession, custody, or control. *See* Fed. R. Civ. P. 34(a). Although district courts are split on the issue, "there is nothing in the wording of the Rule that would require a plaintiff to execute a consent or medical release unless the Plaintiff wishes to do so voluntarily." *Graham v. Carroll*, No. 5:10-CV-00065, 2011 WL 855331, at *1 (N.D. Fla. Mar. 9, 2011). Indeed, district courts in the Fourth Circuit have found that Courts are not empowered to compel parties to execute a release of medical records at all. *See, e.g.*, *Fields v. W. Virginia State Police*, 264 F.R.D. 260, 263 (S.D.W. Va. 2010) (finding that no "provision of the Rules or other recognized authority empowers a court to require a plaintiff to sign medical releases."); *Stokes v. IKEA US Retail, LLC*, No. 22-CV-01377, 2023 WL 1970476, at *6 (D. Md. Feb. 13, 2023) (same); *Murray v. City of N. Charleston*, No. 2:17-CV-01508, 2020 WL 7231630, at *2 (D.S.C. Dec. 8, 2020) ("it is unclear whether the court has authority to" order HIPAA releases).[2]

Here, Walmart seeks waivers permitting it to obtain, from third parties, sensitive medical records over which the Charging Party has a recognized privacy interest. EEOC agrees that certain of Charging Party's medical records are in issue because the Complaint asserts that she has a cognizable disability under the ADA, and EEOC will produce those records following the entry of a protective order. *See* Complaint at 14. Walmart has not—and cannot—assert that Charging Party's medical records are different from any other discovery pursuant to Rule 34: that is, that Walmart will request the documents and EEOC will produce them. *See* Fed. R. Civ. P. 34(b); *see also Stokes*, 2023 WL 1970476 at *6 (declining to compel execution of HIPAA releases and noting, "the Court reminds the parties that a written authorization by Plaintiff is not necessary for Defendant to obtain Plaintiff's medical records."). Moreover and as discussed

---

[1] Walmart is currently withholding documents related to its internal investigation of Ms. Livermore's Ethics Line complaint on the basis of confidentiality, which are highly relevant to the claims and defenses in this matter. Unlike Ms. Livermore's constitutional and statutory privacy interest in her private medical records, Walmart has no recognized right to confidential treatment of a routine human resources investigation—the existence of which it did not disclose to EEOC during the underlying federal investigation.

[2] Courts in the Second Circuit are not aligned with the Fourth Circuit's reading of Fed. R. Civ. P. 34. However, EEOC's position differs from other litigants whom Courts compelled to produce HIPAA releases. Here, EEOC agrees that Charging Party's medical records are discoverable and will produce the records to Walmart. In other seemingly analogous cases, Courts compelled production of HIPAA waivers because defendants could not otherwise obtain the requested information. *Compare with, e.g., Vargas v. U.S.*, 401 F. Supp. 3d 346, 348 (E.D.N.Y. 2018) (dispute regarding entitlement to medical records prior to plaintiff's accident); *Elachkar v. Cty of N.Y.*, No. 19CV02172, 2021 WL 1146519, at *2 (E.D.N.Y. Mar. 3, 2021), *report and recommendation adopted*, No. 19CV02172, 2021 WL 1145729 (E.D.N.Y. Mar. 25, 2021) (HIPAA release compelled so that case could proceed); *Gordon v. John T. Mather Mem'l Hosp.*, No. 17CV7168, 2021 WL 9183822, at *2 (E.D.N.Y. Aug. 4, 2021) (no provision of medical records outside of compelled HIPAA release); *Workneh v. Super Shuttle Int'l, Inc.*, No. 15CIV03521, 2020 WL 3492000, at *5 (S.D.N.Y. June 8, 2020), *report and recommendation adopted*, No. 15CIV3521, 2020 WL 3489483 (S.D.N.Y. June 26, 2020) (Court ordered pro se plaintiff to execute HIPAA authorization for dental report not produced during litigation).

above, medical and psychiatric records contain sensitive, intensely personal information over which individuals have a recognized privacy interest. Medical providers and office managers are not lawyers, and permitting non-lawyers to disclose sensitive information without counsel's review for confidentiality, relevance, and potential privilege risks invading Charging Party's constitutional and statutory privacy rights without any benefit to this litigation.

There is no need for Walmart to circumvent EEOC's counsel to obtain statutorily-protected information outside of standard document discovery pursuant to Fed. R. Civ. P. 34. The Fed. R. Civ. P. 45 subpoena context is analogous here. For a Rule 45 subpoena, even where the requested documents are unquestionably relevant, courts regularly quash third party subpoenas where, as here, the "relevant information sought by Defendant in the Subpoenas can be obtained from whatever records Plaintiff has in his possession or control as well as through Plaintiff's deposition." *Warnke v. CVS Corp.*, 265 F.R.D. 64, 70 (E.D.N.Y. 2010); *see also e.g.*, *Gresch v. United Parcel Serv. of Am., Inc.*, No. 21 CIV. 5383, 2022 WL 1125621, at *1 (S.D.N.Y. Apr. 15, 2022) ("the Court defers decision on Plaintiff's motion and will permit Plaintiff to produce the relevant records in his possession in lieu of allowing Defendants to issue the subpoenas."). Walmart can—and will—obtain the information it seeks from EEOC, like any other document in civil discovery.[3]

Producing Ms. Livermore's medical information through EEOC's counsel is especially important here because the Parties have no agreement in place regarding the treatment of confidential information. EEOC transmitted a draft Confidentiality Stipulation to Walmart on January 3, 2024. Walmart represented to EEOC that it would provide its redlines to EEOC's Confidentiality Stipulation on January 8, 2024, and, when it did not do so, by January 12, 2024. As of this writing, EEOC has not received Walmart's edits and the Parties have not conferred. Although Walmart refuses to produce highly relevant information to EEOC on the grounds of confidentiality (*see* fn.1, above), it presently insists that EEOC permit it to obtain Ms. Livermore's medical records even though the Parties have not even discussed the treatment of confidential information.

Accordingly, EEOC respectfully requests that the Court decline to compel Ms. Livermore to allow Walmart to obtain sensitive, intensely private medical information outside the standard process for civil discovery.

Respectfully submitted,

/s/Cara B. Chomski
Cara B. Chomski
Attorney for Plaintiff
U.S. Equal Employment Opportunity Commission

cc: Luis Hansen, Esq.
Salvadore Simao, Esq.
Jeffrey Burstein, Esq.

---

[3] In order to avoid burdening the Court, counsel for EEOC reached out to Walmart's counsel on Wednesday, January 10, 2024, to propose that the Parties discuss how EEOC could produce Charging Party's medical records to Walmart in a manner that would be acceptable to both Parties. On January 11, 2024, Walmart informed EEOC that it will not agree to any alternative to fully executed HIPAA release forms.