UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

                        Plaintiff,                    **ORDER**
    -against-                                        CV 23-6902 (GRB)(AYS)

WAL-MART STORES EAST, LP,

                        Defendant.
-------------------------------------------------------------X

**SHIELDS, Magistrate Judge:**

      This is a case brought by the United States Equal Employment Opportunity Commission ("EEOC" or the "Agency"), alleging that Defendant Walmart, Inc., improperly pled herein as Wal-Mart, Stores East, LP, ("Walmart" or "Defendant"), violated the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 et seq. (the "ADA"), in connection with its treatment of one of its employees. The Agency brings this case to vindicate the rights of an individual named Donna Livermore ("Livermore" or the "Charging Party") – referred to by the EEOC as the "Charging Party." The facts here are thus particular to the treatment of Livermore. Counsel agree that Livermore never made a formal request to accommodate any disability; she appears to have been granted some agreed-upon informal arrangement that allowed her to work at one of Defendant's stores for several years. (Docket Entry ("DE") [20].) The circumstances surrounding Livermore's termination from employment at that store are in dispute. It is not disputed, however, that Livermore was transferred to a different Walmart store, where, at the time of the initial conference herein, she continued to work. The Court assumes, for the moment, that she continues that employment.

      Under ordinary circumstances this would seem a factually uncomplicated lawsuit. There is no reason such a case cannot be swiftly brought to trial. Unfortunately – mostly for Livermore

1

– this case remains stalled at the discovery phase of the litigation. Indeed, this is the second time that the parties are before this Court embroiled in a discovery dispute that is usually decided without the Court's involvement. The first time, as discussed in an Order dated January 31, 2024, Court intervention was necessary to require that the EEOC collaborate with Livermore to obtain her signature on HIPAA-compliant authorizations allowing Defendant to obtain Livermore's medical records within the scope of discovery. (DE [21].) That dispute impeded the progress of discovery because of the Agency's unsupported legal position.

Discovery is once again stalled because, after much conferring, the parties are unable to collaborate and agree to entry of a reasonable protective order. The Court seeks to avoid this type of dispute by providing a form protective order for parties to consider for the exchange of discovery materials. (DE [21] n. 2 (encouraging counsel to "review this Court's rules with respect to [a protective order] so that they may enter into an appropriate agreement in the most expedient manner").) In nearly all cases before this Court, litigants are able to agree upon the terms of a protective order so that discovery can move forward. Such exchanges can facilitate settlement or sharpen the narrow category of legal disputes that require Court adjudication. To be clear, this Court's form protective order (and any such order to which parties agree) governs only the production of material in discovery. Such material is not filed on the docket or used in motions before the Court. Thus, a protective order governing discovery neither contemplates nor allows for the filing of judicial documents under seal and makes no formal rulings as to privilege. It is aimed only at allowing discovery to proceed. Generally, the limited nature and use of protective orders allows agreement to the terms thereof to be the rule, with litigation over the terms thereof to be the exception. Experienced litigators seem to know that if claims of privilege arise, they can be litigated, but that broad discovery of material (that may never even be used in

the case) allows for the free flow of information that can foster early settlement. Here, however, the parties are unable to reach agreement.

The Court has reviewed the parties' proposed orders appearing at Docket Entries [26-1] and [27-1] herein. Top of mind for the Court is Rule 1 of the Federal Rules of Civil Procedure, which provides that the Rules shall be "construed, administered, and employed by the court and the parties to ensure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. With this important consideration in mind, upon review of the parties' competing proposals and, of course, without making any decisions as to any claims of privilege, the Court holds that the form proposed by Defendant shall govern discovery in this matter.[1]

Also before the Court is the EEOC's motion to compel production of discovery responses. (DE [28].) In the Court's view, that motion was filed unnecessarily and prematurely while the parties were litigating the terms of the protective order – a matter that has now been decided. Walmart has made clear that it will produce documents once a protective order is entered. Accordingly, that motion is denied. The parties are reminded that all discovery in this matter is to be concluded by October 10, 2024.

**SO ORDERED:**

Dated: Central Islip, New York
      May 30, 2024                                    /s/    Anne. Y. Shields
                                                                                 ANNE Y. SHIELDS
                                                                                 United States Magistrate Judge

---

[1] The Court notes that most of the changes to this Court's form protective order that are contained in Defendant's draft have been agreed to by the parties. (DE [27-1].)