FILED
CLERK
12/17/2025
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | |
| Plaintiff, | |
| vs. | Case No. 1:23-cv-06902-GRB-AYSE |
| WALMART, INC., | |
| Defendant. | |

## CONSENT DECREE

1.  Plaintiff the United States Equal Employment Opportunity Commission ("EEOC" or the "Commission") filed this action alleging that Walmart Inc. ("Walmart") engaged in unlawful employment practices in violation of the Americans with Disabilities Act of 1998 ("ADA") at the Walmart Supercenter located at 965 Broadhollow Rd, Farmingdale, NY, 11735 ("Walmart Store No. 5295") by failing to provide a reasonable accommodation to Charging Party Donna Livermore ("Ms. Livermore") and terminating her employment because of her disabilities. Walmart denies the allegations that it engaged in any unlawful conduct in violation of the ADA and does not make any admission of liability by entering into this Consent Decree.

2.  In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, the parties have agreed that this action should be finally resolved by entry of this Consent Decree (hereafter "Decree").

3.  In consideration of the mutual promises of each party to this Decree, the sufficiency of which is hereby acknowledged, the parties agree as follows, the Court finds appropriate, and it is therefore ORDERED, ADJUDGED AND DECREED that:

1

A. **GENERAL PROVISIONS**

4. This Decree resolves all issues and claims arising out of or asserted in the above-captioned civil action and EEOC Charge No. 520-2021-02163. Pursuant to this Decree, Ms. Livermore will execute the release of claims set forth in Exhibit A within ten (10) days of entry of this Decree. This Decree does not resolve any other charge of discrimination currently pending before the EEOC, or any charge that may be filed in the future or limit the EEOC's right to proceed with the investigation and/or litigation of any other charges and claims. This Decree does not in any way affect Walmart's rights to defend against any such charges, claims, or civil actions.

5. The terms of this Decree represent the full and complete agreement of the parties. The parties agree that this Decree may be entered into without Findings of Fact and Conclusions of Law being made and entered by the Court.

6. The EEOC and Walmart agree that this Court has jurisdiction over the subject matter of this litigation and the parties, that venue is proper, and that all administrative prerequisites have been met. No party will contest the validity of this Decree or the jurisdiction of this Court to enforce this Decree and its terms.

7. The terms of this Decree are and shall be binding upon the present and future representatives, agents, directors, officers, successors and assigns of Walmart, and shall include all Walmart's officers, directors, managers, agents, successors, assigns, full or partial purchasers, and any other entity into which Walmart may merge or consolidate.

8. No waiver, modification, or amendment of any provision of this Decree will be effective unless made in writing, signed by both parties, and approved or ordered by the Court.

B. **DURATION AND SCOPE**

9. The duration of this Decree shall be for one (1) year from its entry by the Court ("Term").

10. The matter may be administratively closed, but will not be dismissed during the Term of this Decree.

11. For the sake of clarity, the terms of this Decree apply solely to Walmart Store No. 5295, unless a specific provision of this Decree expressly states otherwise.

C. **INJUNCTIVE RELIEF**

12. Defendant is enjoined from discriminating against any person employed at Walmart Store No. 5295 on the basis of a hearing disability, in violation of the ADA.

13. Walmart is enjoined from failing to provide a reasonable accommodation to any qualified individual employed at Walmart Store No. 5295 who is deaf or has a hearing disability under the ADA, unless such accommodation would subject Walmart to an undue hardship under the ADA.

14. Defendant is enjoined from retaliating against any person because of any protected activity related to this action, including without limitation the giving of testimony or assistance, or the participation in any investigation, proceeding, or hearing relating to this action or to this Decree.

15. Defendant is enjoined from failing to provide reasonable accommodations to or discriminating against Donna Livermore on the basis of disability, in violation of the ADA. This Paragraph applies whether or not Ms. Livermore is assigned to Store No. 5295.

D. **MONETARY RELIEF**

16. Within forty-five (45) days of the entry of this Decree, Walmart shall pay Ms. Livermore the sum of $60,000 (the "Settlement Payment") in full and final settlement of this civil

3

action, *U.S. Equal Employment Opportunity Commission v. Walmart Inc.*, Civil Action No. 1:23-cv-06902-GRB-AYSE and EEOC Charge No. 520-2021-02163.

17. Payment shall be made by issuing a check payable to Ms. Livermore at an address provided by the EEOC. Such payment shall be made and documented as follows:

  a. A check in the amount of $30,000, less all applicable tax withholdings, payable to "Donna Livermore" for claims related to lost wages (reported on an IRS Form W-2); and

  b. A check in the amount of $30,000, payable to "Donna Livermore" for claims related to Section 1981a damages (reported on an IRS Form 1099).

  c. Within seven (7) days of the check(s) being sent, Walmart shall send the EEOC a copy of the check and proof of its delivery to Ms. Livermore.

18. Neither the EEOC nor Walmart make any representation, or assume any responsibility for any tax liability, assessments, interest, penalties, and/or costs that Ms. Livermore may or may not incur on such payments under local, state, and/or federal law.

19. The EEOC may be required to report the fact of this settlement to the IRS under Section 162(f) and 6050X of the Internal Revenue Code which allow for certain payments by employers to be deducted from the employer's taxes. If the EEOC is required to do so, the EEOC will provide the employer with the copy of the 1098-F form that it will provide to the Internal Revenue Services (IRS).

  Walmart's EIN is:   71-0862119

20. The individual to whom the EEOC should mail a copy of the 1098-F, if the EEOC is required to issue one is:

  Name:     Salvador Simao

4

        Physical Address:    Nelson Mullins Riley & Scarborough LLP
                                           330 Madison Avenue, 27th Floor
                                           New York, NY  10017

**E.**     **TRAINING**

      21.    Within sixty (60) days of the entry of this Decree, Walmart will provide training to human resources personnel and salaried managers at Walmart Store No. 5295. Walmart shall have the option regarding how to deliver this training, including, but not limited to, via videoconference or computer-based learning. Such training shall be one (1) hour in duration and must include an interactive component. Salaried members of management and human resources personnel who are absent from work due to reasons such as vacation, illness, or leave of absence when the training is provided can satisfy this provision by viewing a recorded version of the training upon their return to work. The training shall address the following topics:

    a. the requirements of the ADA;

    b. the ADA's prohibition against discrimination on the basis of a disability, including by failing to provide a reasonable accommodation unless it would result in an undue hardship;

    c. the ADA's prohibition of retaliation for engaging in activity protected by the ADA;

    d. Walmart's reasonable accommodation and/or ADA policy and the processes by which an employee can request a reasonable accommodation; and

    e. an explanation of what steps the recipients of the training should take if they receive a request for a reasonable accommodation or an inquiry for information.

      22.    Walmart shall document employee attendance at all trainings required by this Decree, including date of attendance. Walmart shall maintain copies of these attendance-verification documents for the duration of this Decree.

**F.     POSTINGS AND NOTICE**

23.     Within thirty (30) days of the entry of this Decree, Walmart shall post the attached Notice to Employees, marked as Exhibit B, on its OneWalmart intranet where it will be accessible to all associates at Store No. 5295.

24.     Walmart shall certify with the EEOC, in writing, within forty-five (45) days of the entry of this Decree that the Notices have been properly posted, including identifying the locations where the Notices have been posted.

**G.     MONITORING AND REPORTING**

25.     On the first day of the sixth month and the first day of the eleventh month of the entry of this consent decree, Walmart shall provide the EEOC with a report that includes the following information, to the extent known:

  a. **Requests for Disability Accommodations at Store No. 5295.** A list of all requests for disability accommodation by employees at Walmart Store No. 5295 who are deaf or have a hearing disability under the ADA, which requests Walmart denied in whole or in part. For each such denied request the report will also include: a brief summary of each request for accommodation, including the following: the name and job title of the employee; the date of the request; and an explanation of the reasons for denying the request.

  b. **Complaints of Disability Discrimination at Store No. 5295.** A list of all complaints or reports by employees at Store No. 5295 who are deaf or have a hearing disability under the ADA that are known to any of the individual's managers or People Lead at Store No. 5295, or that are submitted via Defendant's Ethics portal. The report will also include: the name of each person making a complaint or report; and a summary of each such complaint or report, including the date it was made, the name of the individual(s) who allegedly engaged in the discriminatory conduct, the results of any investigation, and any remedial action taken.

  c. **Training Summaries and Attendance Sheets.** Where conducted in the prior six (6) months, a summary of all trainings provided pursuant to Section E, including:

     i. a certification that such trainings were provided;

     ii. the date of each training; and

6

   iii. a certification that the employees required by this Decree to attend the training did so, or the number of such employees who were not trained and when they are anticipated to receive the required training.

**H.**  **RECORDKEEPING**

26. Walmart agrees to maintain during the Term of this Decree such records as are necessary to demonstrate its compliance with this Decree and to verify that the reports submitted pursuant to this Decree are accurate, including any materials utilized as part of the trainings provided pursuant to Section E, above, and including documents that relate to any request for disability accommodation that was denied or complaint or report of disability discrimination that is within the scope of Section F, above.

27. The EEOC may monitor Defendant's compliance with this Decree. Upon request, Defendant will also cooperate in making copies of records relevant to compliance with this Decree available to the EEOC and in making employees available to the EEOC for interview, for the purpose of verifying compliance with this Decree, within a reasonable amount of time.

**I.**  **DECREE COMMUNICATIONS**

28. Except as otherwise provided for this Decree, all notifications, reports, or other communications to the Parties pursuant to this Decree shall be made in writing and sufficient as emailed (or, with advance written permission, mailed) to the following persons (or their designated successors), or such other alternative persons specified by a party in writing:

  For the EEOC:  Decree Monitor
         EEOC Legal Unit
         33 Whitehall Street, 5th Floor
         New York, NY 10004
         Decreemonitor.nydo@eeoc.gov

         <u>and</u>

         Gena Miller
         Trial Attorney

                        New York District Office
                        33 Whitehall Street, 5th Floor
                        New York, NY 10004
                        gena.miller@eeoc.gov

For Defendant:     Salvador Simao
                        Nelson, Mullins, Riley & Scarborough, LLC
                        330 Madison Avenue, 27th Floor
                        New York, NY 10017
                        Sal.simao@nelsonmullins.com

## J.   DISPUTE RESOLUTION

29.    In the event that one party believes the other party has failed to comply with any provision(s) of the Decree, that party will notify the other party of the alleged breach and the breaching party must make a good faith attempt to cure any breach of the Decree within fourteen (14) days of notification ("cure period"). The parties may extend the cure period by agreement. Following the cure period, either party petition the Court for any appropriate relief to enforce the provisions of this Decree.

**FOR PLAINTIFF U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION:**

                                          *Kimberly Cruz /jm*
                                          KIMBERLY A. CRUZ
                                          Regional Attorney
                                          U.S. EQUAL EMPLOYMENT
                                          OPPORTUNITY COMMISSION
                                          New York District Office
                                          33 Whitehall Street, 5th Floor
                                          New York, NY 10004-2112
                                          kimberly.cruz@eeoc.gov
                                          Office: (929) 506-5345

**FOR DEFENDANT WALMART INC.:**

/s/Salvador Simao

Salvador Simao
Nelson Mullins Riley & Scarborough LLP
330 Madison Avenue, 27th Floor
New York, NY  10017
(908) 758-2785
sal.simao@nelsonmullins.com

**SO ORDERED, ADJUDGED, AND DECREED:**

Dated: 12/17/2025

/s/ Gary R. Brown

THE HON. GARY R. BROWN
United States District Judge

# EXHIBIT A

# **RELEASE AGREEMENT**

I, Donna Livermore, in consideration for $60,000, payable to me by Wal-Mart, Inc. ("Walmart"), in connection with the resolution of the lawsuit captioned *EEOC v. Wal-Mart, Inc.*, Case No. 23-cv-6902 (E.D.N.Y.), hereby waive my right to recover for any claims arising under the Americans with Disabilities Act that I had against Walmart prior to the date of this release and that were included in the claims alleged in the EEOC's Complaint in that lawsuit.

Date: _____         Signature: _____

                                                                  Donna Livermore

# EXHIBIT B



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

33 Whitehall Street, 5th Floor
New York, NY 10004-2112
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
New York Direct Dial: (929) 506-5270
FAX (212) 336-3625
Website: www.eeoc.gov

## NOTICE OF LAWSUIT AND SETTLEMENT

This notice to all employees of Walmart Inc. at the Walmart Supercenter No. 5295 located at 965 Broadhollow Rd, Farmingdale, NY, 11735 (the "Farmingdale Walmart") is being posted pursuant to a Consent Decree resolving a lawsuit brought by the U.S. Equal Employment Opportunity Commission ("EEOC") against it in federal court in New York.

In its lawsuit, the EEOC alleged that the Farmingdale Walmart violated federal law by subjecting an employee to disability discrimination in its workplace (E.D.N.Y. Case No. 1:23-cv-06902). Walmart denied the allegations and averred there were no violations of law.

Walmart has entered into a settlement, which requires it to post this notice and makes certain other changes.

Under federal law, your employer cannot discriminate against you because of your:

- Race
- Color
- Disability
- Sex (including pregnancy, sexual orientation, and sexual harassment)
- National Origin
- Age (40 and over)
- Need for Pregnancy Accommodations
- Religion
- Genetic Information

Federal law specifically prohibits employers from discriminating against employees and job applicants based on their disability. Your employer cannot deny employees reasonable accommodations in the workplace for their disabilities unless that accommodation causes the employer an "undue hardship" and cannot terminate employees because of their disabilities. Federal law requires your employer to engage in an "interactive process" with you to determine whether a reasonable accommodation for your disability exists.

Your employer cannot retaliate against them for requesting an accommodation for a disability, opposing a discriminatory employment practice, filing a charge of discrimination with any municipal, state, or federal equal employment agency, or participating in an investigation into a charge of discrimination.

Walmart will comply with these laws. Walmart will not tolerate any form of illegal discrimination in the workplace, including failing to accommodate an employee or job applicant's disabilities. Walmart will not take action against an employee because they complain

about discrimination in the workplace. Employees who make employment discrimination complaints are protected by law. Walmart requires that all employees comply with these laws— including managers.

If you have any complaints or questions regarding employment discrimination, contact the EEOC at:

        (800) 669-4000
        U.S. Equal Employment Opportunity Commission
        New York District Office
        Website: www.eeoc.gov

Date posted: _____

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE ALTERED OR DEFACED BY ANYONE OR COVERED BY ANY OTHER MATERIAL**

This Notice must remain posted for one (1) year from the date shown above and must not be altered, defaced, or covered by any other material. Any questions concerning this Notice or compliance with its provisions may be directed to the U.S. Equal Employment Opportunity Commission at the number listed above.